## CIRCUIT COURT OF PRINCESS ANNE COUNTY

Dorothy Davis

v.

Wayland P. Britton, Adm'r, etc.

April 6, 1960

BY JUDGE H. W. MACKENZIE, JR.

The defendant contends that when he objected to the question put by plaintiff's counsel to a witness whether he could smell alcohol on the defendant's breath, he should have been sustained; and when it was overruled and the witness answered yes, his motion for a mistrial should have been sustained.

It is the defendant's contention that the rule in this state is that the mere odor of alcohol on one's breath is not sufficient to prove intoxication, citing *Burks v. Webb*, 199 Va. 296 (1957). This statement is undoubtedly correct. And the rule is stated in so many words in the *Burks* case. The same principle had earlier been enunciated in *Caldwell v. Parker*, 191 Va. 471 (1950), and the statement of the principle has been reaffirmed in *Bogstad v. Hope*, 199 Va. 453 (1957); *Basham v. Terry*, 199 Va. 817 (1958); *Hargrow v. Watson*, 200 Va. 30 (1958); and *Laughlin v. Rose*, 200 Va. 127 (1958).

While it is amply clear and indisputable that the mere odor of alcohol is not proof of intoxication, it does not follow that it is improper to ask a witness whether he could smell alcohol on a principal's breath at the scene of a collision or that an affirmative reply to such a question would be grounds for a mistrial.

It is significant that in all of the cases cited, with the exception of the *Burks* case, the issue arose over whether an instruction dealing with intoxication was proper. In none of these cases is there any mention of objection to the admission of the testimony in the first instance, or of any motion for mistrial in connection with the evidence coming before the jury. In the *Burks* case, the issue arose under rather unusual circumstances as the

defendant had not claimed that he would rely on the fact that the plaintiff was drinking in his grounds of defense. The court there being in possession of all the information having to do with the drinking of the plaintiff's decedent ruled that the evidence was insufficient to prove intoxication, and this ruling was upheld.

Whether a party involved in an accident had the odor of alcohol on his breath at the scene is as much a part of the res gestae as whether he wore a red shirt or whether one of the cars involved was painted powder blue. These trivia are all a part of the picture which is being reconstructed for the jury as accurately as possible, whether they have any probative value of themselves or not. Even if we concede the fact that the testimony of a plaintiff that the defendant had the odor of alcohol about him at the scene, unaccompanied by other evidence that the defendant was intoxicated, is prejudicial to the defendant, what is the alternative? It is that the court would have to stop the trial when the question was asked and out of the presence of the jury examine all witnesses who would be later called to determine whether there is sufficient evidence of intoxication to go to the jury, and the defendant would thereby gain an advantage not enjoyed by the plaintiff of hearing the testimony of the plaintiff's witnesses in advance of their examination upon the stand.

This would place an impossible burden upon the court, to say nothing of the wasteful delay in the trial of the case.

It is the conclusion of this court that the rule in Virginia that proof of the odor of alcohol upon one's breath is not proof of intoxication is limited to what is stated in the rule itself and is to be involved in determining whether or not the evidence should be stricken and whether or not instructions bearing on intoxication should be given; and that it does not render inadmissible testimony that a party had alcohol upon his breath, until other evidence bearing on the state of the party's intoxication has been received.